# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:07-CR-00050-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| ERIC WILFORD MORRISON, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (Doc. No. 653), Letter regarding the COVID-19 pandemic (Doc. No. 654), and Emergency Motion for Compassionate Release (Doc. No. 657). Having carefully reviewed Defendant's motions and all relevant portions of the record, the Court will deny the motions for the reasons explained below.

## I. BACKGROUND

In May 2009, a jury found Defendant guilty of conspiracy to possess with intent to distribute 50 grams or more of cocaine base. (Doc. No. 295). His presentence report reflects that Defendant was accountable for the possession and distribution of 22,910.05 grams (or 22.91 kilograms) of cocaine base and 5,500.5 grams (or 5.5005 kilograms) of cocaine powder. (Doc. No. 437, at ¶ 16). On November 15, 2010, Defendant was sentenced to 324 months of imprisonment and ten years of supervised release. (Doc. No. 464). The Fourth Circuit affirmed Defendant's conviction on appeal in July 2011. (Doc. No. 481). In 2015, the Court reduced Defendant's sentence to 262 months of imprisonment pursuant to the Sentencing Commission's retroactive Amendment 782. (Doc. No. 621).

1

Defendant is a 43-year-old male confined at Butner Low FCI, a low security federal correctional institution, with a projected release date of October 17, 2026. Defendant seeks a reduction in his sentence under Section 404(b) of the First Step Act and under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He claims that his medical conditions—high blood pressure, asthma, heart murmur, and low white blood cell count—create a heightened risk of death from complications of a COVID-19 infection. Defendant does not provide any medical records or attach any exhibits to his motion for compassionate release.

## II. THE FIRST STEP ACT

The First Step Act makes retroactive the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act "reduces the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222.

Section 404(c) of the First Step Act contains two express limitations on the application of Section 404(b). Thus, even if a sentence involves a covered offense, "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence

2

was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." § 404(c), 132 Stat. at 5222; *see also United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019) (noting that defendants who are excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act are not eligible for relief).

Defendant previously moved for a reduction in his sentence under *Dorsey v. United States*, 567 U.S. 260 (2012), to obtain the benefit of the amendments made by the Fair Sentencing Act of 2010. (Doc. No. 534). The Court denied Defendant's motion on November 1, 2012, finding that *Dorsey* did not impact his statutory penalties. (Doc. No. 540). Thus, because a court has already imposed a sentence in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010, Defendant is not eligible to move for relief under the First Step Act of 2018.[1]

### III. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust

---

[1] Even if Defendant was eligible, *see Gravatt*, 953 F.3d 258 (holding that a defendant convicted in a multi-object drug offense where the penalties of one object were modified by the Fair Sentencing Act, while the penalties of the other were not reduced and independently support a sentence, is eligible under the First Step Act of 2018), the Court would not reduce his sentence. Defendant's guidelines range and statutory penalties would not change since he was responsible for large quantities of cocaine base *and* powder cocaine, and he already received a reduction under Amendment 782. Considering the Section 3553(a) factors, the Court, in its discretion, finds no reason to vary below the now applicable guidelines range and further reduce Defendant's sentence.

3

administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019)). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3582(c)(1)(A). He attaches no requests for compassionate release to the warden, nor does he allege that he has even attempted relief from the BOP before petitioning this Court. Rather, Defendant requests that the Court waive the administrative exhaustion requirement. Given that Defendant has not provided any evidence beyond mere self-assertions that he suffers from certain medical conditions, the

4

Court finds that Defendant has not met his burden to show that exhaustion would be futile. Without medical records substantiating Defendant's claims, the Court is unable to tell whether any "catastrophic health consequences" make exhaustion futile or whether he would be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"); *see also United States v. Albertson*, No. 1:16-cr-00250-TWP-MJD, 2020 WL 1815853, at *2 (S.D. Ind. Apr. 8, 2020) ("The Court will not grant compassionate release on medical grounds without documentation . . . ."); *United States v. Clark*, No. 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release, in part, because inmate failed to provide medical records to substantiate medical claims). Thus, the Court will deny Defendant's motion for compassionate release without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

## IV.  ORDER

**IT IS THEREFORE ORDERED** that:

(1) Defendant's *pro se* Motion to Reduce Sentence Pursuant to the First Step Act of 2018, (Doc. No. 653), is **DENIED**; and

(2) Defendant's *pro se* Emergency Motion for Compassionate Release, (Doc. No. 657), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

5

**SO ORDERED.**

Signed: July 15, 2020

Kenneth D. Bell
United States District Judge