# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:07-CR-00050-KDB-DSC-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| ERIC WILFORD MORRISON, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release and home confinement and appointment of counsel pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 663). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Butner Low[1] and that, due to his pre-existing medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

The Government reports Defendant is fully vaccinated against COVID-19 as of December 19, 2020. (Doc. No. 688 at 1). The CDC reports that vaccinations protect individuals from getting sick with COVID-19, *Facts about Vaccination*, CDC (Apr. 15, 2021),

---

[1] According to the Bureau of Prison's (BOP) website, FCI Butner Low currently has zero inmates and two staff with confirmed active cases of COVID-19. There have been 17 inmate deaths and 1 staff death, while 528 inmates have recovered and 45 staff have recovered. Additionally, at the Butner complex, 897 staff have been fully inoculated and 2,516 inmates have been fully inoculated

www.cdc.gov/coronavirus/2019-ncov/vaccines/facts.html, and may prevent individuals from "getting seriously ill" even if they do contract the virus, *Benefits of Getting Vaccinated*, CDC (Apr. 12, 2021), www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19.

The vaccine addresses Defendant's concerns about contracting COVID-19 and his purported risk of severe illness should he contract the virus. Because Defendant's vaccination significantly mitigates the risk of contracting COVID-19, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings

under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings). Defendant has not established that the interests of justice require appointment of counsel in these circumstances at this time.

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 663), is **DENIED**.

**SO ORDERED.**

Signed: August 20, 2021

Kenneth D. Bell
United States District Judge