IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07-CR-00050-KDB-DSC-2

| | |
|---|---|
| **USA,**<br><br>           **Plaintiff,**<br><br>     **v.**<br><br>**ERIC WILFORD MORRISON**,<br><br>           **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. Defendant Eric Wilford Morrison filed a *pro se* motion for a reduced sentence pursuant to Section 404 of the First Step Act of 2018 on January 27, 2020. (Doc. No. 653). Following remand, counsel for Defendant filed a Supplemental Memorandum on July 24, 2023. (Doc. No. 702).

In May 2009, Defendant was convicted by a jury of one count of conspiracy to possess with intent to distribute cocaine base and powder cocaine.[1] His original advisory guidelines range was 324 to 405 months. (Doc. No. 438). The Court imposed a sentence of 324 months. (Doc. No. 464). In December 2015, Defendant's sentence was reduced pursuant to a retroactive amendment of the sentencing guidelines to 262 months. (Doc. No. 621). Defendant is now eligible for consideration of a sentence reduction pursuant to the First Step Act as he was convicted of a

---

[1] The presentence report found Defendant responsible for 22.9 kilograms of crack cocaine and 5.5 kilograms of powder cocaine. (Doc. No. 437 at ¶ 16).

"covered offense," although Defendant concedes that his sentencing guidelines range remains 262 to 327 months. (Doc. No. 702 at 3).

"First, [district courts] must recalculate the movant's Guidelines range only to the extent it adjusts for the Fair Sentencing Act …. Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023) (internal quotation omitted). "[W]hen district courts consider such motions, they must still 'sentence the whole person before them,' 'explain their decisions,' and 'demonstrate that they considered the parties' arguments.'" *Id.* (quoting *Concepcion v. United States*, 142 S. Ct. 2389, 2398, 2404 (2022)). "Thus, for its resolution of a First Step Act motion to be procedurally reasonable, a district court must 'consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision.'" *Id.* at 185 (quoting *United States v. Collington*, 995 F.3d 347, 360 (4th Cir. 2021)).

## Sentencing Disparity

Defendant asserts that if he were sentenced today his guidelines range would "likely" be 168 to 210 months. (Doc. No. 702 at 7). Not true. Defendant bases his argument on the Attorney General's December 16, 2022, memorandum to subordinates directing that they seek sentences that ignore the statutory and Guidelines distinction for crack cocaine offenses. The prosecution and defense are free to advocate for whatever sentence they deem appropriate, for whatever reason. However, this Court does not, and will not, abide by Department of Justice policy changes, but will apply the law as passed by Congress and signed by the President, and the advisory guidelines promulgated by the United States Sentencing Commission. *See Goffigan v. United States*, No.

2:16-cr-34, 2023 WL 3550896, at *5 (E.D. Va. May 18, 2023) ("[T]he Attorney General's memorandum does not reflect a change to current law. Instead, it is an internal policy document for the Department of Justice."); *see also United States v. White*, No. 1:12-cr-309, 2023 WL 5510306, at *2 (E.D. Va. Aug. 24, 2023) ("[T]he [Memorandum] itself does not create a disparity between Defendant's actual sentence and what it would be under current *law* (not Department of Justice *policy*)) (emphasis in original); *Baranco v. United States*, No. 20-cr-0135-6, 2023 WL 2612215, at *2 (S.D.N.Y. Mar. 23, 2023) ("[N]othing in the Attorney General's December 16, 2022 memorandum provides the Court with authority to alter [the defendant's] sentence."). To do otherwise would create, not avoid, unwarranted sentencing disparities.

Attorneys General come and go, and Department of Justice policies change accordingly. Less than a year ago defendants convicted of the same offense as Defendant heard prosecutors argue for a Guidelines sentence; today they don't. Who is to say that the next Attorney General won't reverse existing policy, or direct a policy that sentencing recommendations be further lowered for some reason? We are a nation of laws, not men, and the Judiciary particularly so. If courts follow Department of Justice policies, rather than law, unwarranted sentencing disparities will be created with each change of Department policy. Moreover, the Court finds it instructive that neither Congress nor the Sentencing Commission have made, or recommended, such a change to the law, despite having an opportunity to consider such a change quite recently.

The Fourth Circuit has admonished district courts to abide by the law of Congress. "The district court's failure to justify such a [62 month] variance is particularly troubling given that '*Congress* was the actor that reduced [Appellant's] guideline range through the passage of the First Step Act, rather than the Sentencing Commission.'" *United States v. Swain*, 49 F.4th 398, 403 (4th Cir. 2022) (emphasis in original) (quoting *Collington*, 995 F.3d 361 n.6). "Of course, the

denial of a First Step Act motion may be unreasonable if based on a disagreement with *Congress*' decision to eliminate the sentencing disparity between offenses involving crack and powder cocaine." *Troy*, 64 F.4th at 185-86 (emphasis added).

Likewise, § 3582(c)(2) permits defendants to move for a reduced sentence based on retroactive amendments to the Guidelines promulgated by the Sentencing Commission.

The Court acknowledges that it has the authority to consider the Department's changed policy, even though Congress didn't say so, but declines the invitation. "In exercising its discretion, the court is free to agree or disagree with any of the policy arguments raised before it." *Concepcion*, 142 S. Ct. at 2404.

### Section 3553(a) Factors

More than three years ago the Court considered, and rejected, Defendant's request for a reduced sentence based on the § 3553(a) factors. (Doc. No. 658 at 3, n. 1). The Court now finds that circumstances have changed.

Defendant currently has credit for approximately 213 months on his 262-month sentence, a significant percentage of his sentence and a long term of imprisonment by any measure. His conduct while in custody has been satisfactory, both in terms of efforts at rehabilitation and discipline. He has an excellent release plan for living accommodations, employment and family and community support. These factors weigh more heavily in Defendant's favor for a sentence reduction than the countervailing § 3553(a) factors.

A reduction to a sentence of Time Served, plus fourteen (14) days is appropriate.[2]

---

[2] Release fourteen (14) days after the date of this order will allow for the orderly discharge of Defendant from custody, and provide adequate time for his family and the United States Probation Office to prepare for his re-entry into society.

**IT IS, THEREFORE, ORDERED**, that the Defendant's motion for a reduction in sentence from 262 months imprisonment to Time Served plus fourteen (14) days under Section 404 of the First Step Act of 2018 (Doc. No. 653), is **GRANTED.** All other conditions of the Court's judgment remain in effect.

**SO ORDERED.**

Signed: September 20, 2023

Kenneth D. Bell
United States District Judge